IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAN WADSWORTH, MARK APANA, VALDEZ KYNE, BERT VILLON, and STEPHEN WEST, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KSL GRAND WAILEA RESORT, INC.; CNL RESORT LODGING TENANT CORP.; CNL GRAND WAILEA RESORT, LP; MSR RESORT LODGING TENANT, LLC; HILTON HOTELS CORPORATION; WALDORF-ASTORIA MANAGEMENT LLC; and BRE/WAILEA LLC, dba GRAND WAILEA RESORT HOTEL & SPA,<br><br>    Defendants. | CIVIL NO. 08-00527 ACK-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
<u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>[1]

        Before the Court is Plaintiffs Nan Wadsworth, Mark Apana, Elizabeth Valdez Kyne, Bert Villon, and Stephen West's (collectively "Plaintiffs") Motion for Class Certification, filed herein on behalf of themselves and all others similarly situated

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

on March 24, 2011 ("Motion"). Plaintiffs request that the Court, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"), certify a class of plaintiffs to be defined as "all non-managerial food and beverage service employees who, since November 24, 2002, have worked at banquets, functions, other events, and small parties, where a service charge was imposed and where a part of that service charge was kept by the Defendants or management without adequate disclosure to customers." Defendants Hilton Hotels Corporation ("Hilton") and Waldorf=Astoria Management LLC[2] ("Waldorf") (collectively "Defendants") filed their memorandum in opposition to Plaintiffs' Motion on April 28, 2011 ("Opposition"), and Plaintiffs filed their reply on May 5, 2011 ("Reply").

This matter came on for hearing before the Court on June 20, 2011 at 10:30 a.m. Ashley K. Ikeda, Esq. and Shannon Liss-Riordan, Esq. (via telephone) appeared on behalf of Plaintiffs, and Richard M. Rand, Esq. appeared on behalf of Defendants. Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART.

---

[2] Although named in Plaintiffs' Motion as Defendant Waldorf-Astoria Management LLC, Defendants' Opposition identifies the party as Defendant Waldorf=Astoria Management LLC.

BACKGROUND

Plaintiffs have each worked as food and beverage servers at the Grand Wailea Resort Hotel & Spa in Maui (the "Resort"), which Defendants allegedly managed during the applicable statute of limitations. Plaintiffs filed the instant Class Action Complaint on November 24, 2008 and filed amended versions on January 29, 2009 and June 28, 2010 ("Complaint").

The Complaint alleges that the Resort imposes a service charge on the sale of food and beverages at its banquets and other events but does not distribute the total proceeds of these service charges to its food and beverage servers as tip income. Rather, Defendants allegedly have a policy and practice of retaining a portion of these service charges for themselves or for paying managers or other non-tipped employees who do not serve food and beverages. Defendants allegedly have not disclosed to the Resort's customers that the service charges are not remitted in full to the food and beverage servers. Plaintiffs claim that this practice results in a loss of tip income for the Resort's food and beverage servers in violation of Hawaii Revised Statutes ("HRS") § 481B-14.

The Complaint alleges the following causes of action: Count I - violation of HRS §§ 481B-14, 481B-4, and 480-2; Count II - intentional interference with contractual and/or advantageous relations; Count III - breach of implied contract; Count IV - unjust enrichment; Count V - violation of HRS §§ 388-

6, 388-10, and 388-11. On December 10, 2010, the Court dismissed Count I based on Plaintiffs failure to state a claim as required by FRCP 12(b)(6) and Count III insofar as it alleged a breach of an implied contract between Plaintiffs and Defendants.

The instant action is one of at least seven similar cases, involving food and beverage service employees suing their employers for loss of tip income, which were filed in the United States District Court of the District of Hawaii between November 21, 2008 and January 9, 2009.[3] In five of these cases, the various plaintiffs filed motions to certify class, which are nearly identical to the instant Motion. United States District Judge Leslie E. Kobayashi was the first - and to date only - judge to address one of these motions in the Villon matter. On May 31, 2011, Judge Kobayashi issued an Order Granting Plaintiffs' Motion for Class Certification ("Villon Certification Order") which certified the a class of "all non-managerial food and beverage service employees, who, from July 30, 2004 to the present, have worked at banquets, functions, events, and small

---

[3] These actions are: Davis v. Four Seasons Hotel, Ltd., Civ. No. 08-00525 HG-BMK (D. Haw. Nov. 21, 2008); Wadsworth v. KSL Grand Wailea Resort, Inc., Civ. No. 08-00527 ACK-RLP (D. Haw. Nov. 24, 2008); Apana v. Fairmont Hotels & Resorts (U.S.) Inc., Civ. No. 08-00528 JMS-LEK (D. Haw. Nov. 24, 2008); Villon v. Marriott Hotel Servs., Inc., Civ. No. 08-00529 LEK-RLP (D. Haw. Nov. 24, 2008); Kyne v. Ritz-Carlton Hotel Co., L.L.C., Civ. No. 08-00530 ACK-RLP (D. Haw. Nov. 24, 2008); Lara v. Renaissance Hotel Operating Co., Civ. No. 08-00560 LEK-RLP (D. Haw. Dec. 10, 2008); and Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc., 09-00016 LEK-RLP (D. Haw. Jan. 9, 2009).

parties, or provided room service, where a service charge was imposed and where a part of that service charge was kept by [the Wailea Marriott Resort] or management without adequate disclosure to customers." See Kobayashi Order, dkt. no. 105 in Villon, Civ. No. 08-00529 LEK-RLP. While not controlling, the Court finds the Villon Certification Order highly persuasive and relevant to the instant Motion.

ANALYSIS

**A. Legal Standard for Class Certification**

A plaintiff moving to certify a class has the burden of showing that the proposed class satisfies the requirements of FRCP 23. See Wal-Mart Stores, Inc. v. Dukes, No. 10-277, --- S. Ct. ----, 2011 WL 2437013, at *5 (2010). FRCP 23(a) states four threshold requirements applicable to all class actions:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are known as numerosity, commonality, typicality, and adequacy of representation. Id.; United Steel, Paper & Forestry, Rubber,

Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010).

Where a putative class satisfies all four requirements of FRCP 23(a), it still must meet at least one of three additional requirements outlined in FRCP 23(b) in order to be eligible for certification. Id. FRCP 23(b)(3), under which Plaintiffs bring the instant Motion, requires that a court find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1090 n.1 (9th Cir. 2010). These additional requirements for class certification are known as predominance and superiority. Id.

**B. FRCP 23(a) Requirements**

    **1. Numerosity**

The numerosity inquiry "requires examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of the Nw., Inc. v. E.E.O.C., 446 U.S. 318, 330 (1980). In general, the numerosity requirement is satisfied when a class includes at least 40 members. Rannis v. Recchia, 380 Fed. Appx. 646, 651 (9th Cir. 2010). Plaintiffs have attached the Affidavit of Steven West ("West Aff.") to their Motion, which

states that, during the last six years, there have been at least 180 banquet servers and bartenders providing food and beverage service to Resort events. See West Aff. ¶ 3. In addition, Plaintiffs' Complaint alleges that there are more than 100 putative class members. See Complaint ¶ 2. Therefore, the Court finds that the proposed class meets the numerosity requirement.

**2. Commonality**

A proposed class meets the commonality requirement if the members' claims have a shared legal issue or a common core of facts. Rodriquez v. Hayes, 591 F.3d 1105, 1122 (9th Cir. 2010). It is not necessary that all questions of law or fact be common to satisfy FRCP 23(a). Id. (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998)). In the present case, the proposed class members' claims have common questions of law and fact because all of their claims arise from the Resort's collection of service charges without the required disclosures to customers. The Court therefore finds that the proposed class meets the commonality requirement.

**3. Typicality**

The typicality requirement is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Rodriquez, 591 F.3d at 1124 (quoting Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir. 2001)). Under

7

this standard, the class representative's claims need only be "reasonably co-extensive with those other class members; they need not be substantially identical." Id. (quoting Hanlon, 150 F.3d at 1020). Here, the named Plaintiffs' claims and the claims of the proposed class members all arise from the Resort's alleged collection of service charges without the required disclosures to customers, and all of the class members will rely on similar arguments to establish Defendants' liability. Accordingly, the Court finds that the typicality requirement is satisfied.

**4. Adequacy of Representation**

Whether the class representatives satisfy the adequacy of representation requirement depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." Rodriquez, 591 F.3d at 1125 (quoting Walters v. Reno, 145 F.3d 1032, 1046 (9th Cir. 1998). This requirement is satisfied as long as one named plaintiff adequately represents the class. Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc. ("Las Vegas Sands"), 244 F.3d 1152, 1162 n.2 (9th Cir. 2001). In this case, Plaintiffs' counsel have extensive experience in class actions on behalf of employees in the service industry and have no apparent conflict that would preclude them from representing the class. Further, for the reasons addressed in the discussion

of the typicality requirement, the named Plaintiffs have a shared interest with the absentee class members. Therefore, the Court finds that the adequacy of representation requirement is met.

**C.  FRCP 23(b) Certification**

  **1.  Predominance**

The predominance inquiry of FRCP 23(b)(3) asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." In re Wells Fargo Home Mortg. Overtime Pay Litg., 571 F.3d 953, 957 (9th Cir. 2009) (quoting Las Vegas Sands, 244 F.3d at 1162). The focus is on "the relationship between the common and individual issues." Id. (quoting Hanlon, 150 F.3d at 1022). Class actions are appropriate when "common issues present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." Las Vegas Sands, 244 F.3d at 1162.

In this case, there are significant factual issues regarding Defendants' policies and practices that are common to all class members, including whether the Resort imposed service charges, who the service charges were distributed to and in what proportion, and what disclosures were made to customers regarding the service charges. In addition, key legal issues, such as the application of HRS § 481B-14, are common to the members of the proposed class. These important factual and legal issues can be

resolved for all class members in a single action. Therefore, the Court finds that the predominance factor is satisfied.

### 2. Superiority

FRCP 23(b)(3) provides a non-exhaustive list of factors for district courts to consider in determining superiority:

> (1) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (2) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (4) the likely difficulties in managing a class action.

Las Vegas Sands, 244 F.3d at 1163 (quoting Fed. R. Civ. P. 23(b)(3)).

These factors weigh in favor of certifying the proposed class. First, in light of the common factual and legal issues, the class members have a minimal interest in individually controlling the prosecution of this case. Second, although there are several other similar pending cases with overlapping plaintiffs, the instant action appears to be the only pending case by food and beverage servers employed at the Resort. Third, a class action is desirable here because it is unlikely that individual servers would be able to retain counsel and litigate separate actions given the relatively small amounts at stake for

each person.  Finally, the Court does not foresee any undue difficulties in managing the instant case as a class action. Insofar as the Court has not identified any other relevant factors, the Court finds that the superiority requirement is satisfied.

**D.  Case-Specific Differences Relevant to Class Certification**

   **1.  Exclusion of Managerial Employees**

Although HRS § 481B-14 does not define the "employees" who the statute protects, Plaintiffs argue that the Court should certify a class that is limited to non-managerial food and beverage service employees.  In finding that the class should be so limited, the Court agrees with the <u>Villon</u> Certification Order that particular weight should be given to the discussion of the legislative history of HRS § 481B-14 in the Court's Order: (1) Granting in Part and Denying in Part Defendant's Motion to Dismiss; (2) Dismissing Counts I and II of the Complaint Without Prejudice issued by United States District Judge David Alan Ezra ("<u>Rodriquez</u> Dismissal Order"), filed on December 29, 2010 in <u>Rodriquez</u> (<u>see</u> dkt. no. 93 in Civ. No. 09-00016 LEK-RLP) and the Hawaii state court's Order Granting Plaintiff's Motion for Partial Summary Judgment as to Defendants' Violation of HRS Chapter 388, Filed October 4, 2010 ("<u>Gurrobat</u> Summary Judgment Order"), filed on March 25, 2010 in <u>Gurrobat v. HTH Corp.</u>, Civ. No. 08-1-2528-12, First Circuit Court, State of Hawaii (<u>see</u> Exh.

3 to Motion) and corresponding hearing transcript (see Exh. 1 to Reply).

The legislative history contained in the Rodriquez Dismissal Order clarifies that the Hawaii Legislature intended HRS § 481B-14 to cover "serving employees who would otherwise be tipped." Moreover, the Gurrobat hearing transcript specifically stated that this legislative history indicates that the statute was intended to protect service workers and not managerial employees: "The purpose of the act was to require hotels and restaurants that apply a service charge for food and beverages, not distributed to employees as tip income, to advise customers that the service charge is being used to pay for costs or expenses other than wages and tips of employees." See Gurrobat Hrg. Trans. at 14:14-19.

Further, the Court agrees that, to the extent that "managerial personnel may have a competing claim to the service charges at issue in this case, 1) the parties can raise that issue by presenting evidence in this case, and 2) that issue does not predominate over the issues currently presented in Plaintiffs' Complaint such that certification of Plaintiffs' proposed class would be inappropriate." See Villon Certification Order at 32. Finally, the fact that Plaintiffs' HRS § 481B-14 claim has been dismissed does not change the class certification analysis. Indeed, in the present case, "there is no indication

that there are any significant issues unique to individual class members which would preclude certification of the class as to the common law, or other statutory, claims, in addition to certification as to the § 481B-14 claim." See id. Accordingly, the Court finds that Plaintiffs' proposed class is properly limited to non-managerial food and beverage service employees.

**2. Bankruptcy Stay**

Defendants argue that this case should be automatically stayed as a result of the April 1, 2011 bankruptcy filing by Defendants KSL Grand Wailea Resort, Inc., CNL Resort Lodging Tenant Corp., CNL Grand Wailea Resort LP, and MSR Resort Lodging Tenant, LLC. In the alternative, Defendants contend that the Court should exercise its inherent power to stay the case because Hilton never managed the Resort and Waldorf did not manage the Resort prior to January 31, 2006.

However, the automatic stay protects only the debtor, property of the debtor, or property of the estate - it does not protect non-debtor parties or their property. Boucher v. Shaw, 572 F.3d 1087, 1092 (9th Cir. 2009). Moreover, the proper forum for a motion extending the automatic stay is in bankruptcy court. See In re Excel Innovations, Inc., 502 F.3d 1086, 1092-93 (9th Cir. 2007). Defendants admit that the Court has given Waldorf the opportunity to have the parties in the bankruptcy proceeding move to extend the stay to the non-bankrupt parties, see

Opposition at 6, but apparently have not yet made such a motion. As a result, the Court finds that an automatic stay is not appropriate at this time.

A discretionary stay is similarly unwarranted. Defendants cite a Declaration of Matthew Bailey, a Managing Director at the Resort, see dkt. no. 95, in support of the their position that Waldorf did not manage the Resort prior to January 31, 2006 and a Declaration of Melanie Mito May, see dkt. no. 132, one of Defendants' attorneys, for the proposition that Plaintiffs are aware that Hilton never managed the Resort. Based on Mr. Bailey's representations, Plaintiffs are willing to agree to a certified class for a period beginning on January 31, 2006 to the present as to both non-debtor Defendants. Plaintiffs do not concede that the class should be limited for Hilton based on Defendants' attorney's representations. The Court agrees, and therefore, although the Court will not issue a stay, it will limit Plaintiffs' proposed class to begin on January 31, 2006.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Class Certification, filed March 25, 2011, be GRANTED IN PART AND DENIED IN PART as follows:

(1) The Court CERTIFIES the instant case as a class action;

(2) The Court CERTIFIES the following class: all non-managerial food and beverage food employees who, from January 31, 2006 to the present, have worked at banquets, functions, other events, and small parties, where a service charge was imposed and where a part of that service charge was kept by the Defendants or management without adequate disclosure to customers;

(3) The Court APPOINTS Nan Wadsworth, Mark Apana, Elizabeth Valdez Kyne, Bert Villon, and Stephen West as the class representatives;

(4) The Court APPOINTS Ashley K. Ikeda, Esq., Lori K. Aquino, Esq., David A. Rosenfeld, Esq., Harold Lichten, Esq., Shannon Liss-Riordan, Esq., and Hillary Schwab, Esq. as class counsel; and

(5) The Court ORDERS the parties to meet and confer by July 22, 2011 to agree on: the proposed notice to potential class members pursuant to Fed. R. Civ. P. 23(d)(2), a method for ascertaining the identity of class members, and the most practicable procedure under the circumstances to provide notice of the instant case to those class members. The proposed notice to the class and the proposed distribution plan shall be submitted for the Court's approval by August 5, 2011.

///

///

///

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 27, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

<u>WADSWORTH ET AL. V. KSL GRAND WAILEA RESORT, INC., ET AL.</u>, CIVIL NO. 08-00527 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION