IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAN WADSWORTH, MARK APANA, ELIZABETH VALDEZ KYNE, BERT VILLON, and STEPHEN WEST, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>KSL GRAND WAILEA RESORT, INC.; CNL RESORT LODGING TENANT CORP.; CNL GRAND WAILEA RESORT, LP; MSR RESORT LODGING TENANT, LLC; HILTON HOTELS CORPORATION; WALDORF-ASTORIA MANAGEMENT LLC; and BRE/WAILEA LLC, dba GRAND WAILEA RESORT HOTEL & SPA,<br><br>      Defendants. | Civ. No. 08-00527 ACK-RLP |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINDINGS AND RECOMMENDATION

The magistrate judge's "Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Class Certification" ("F & R") were filed and served on all parties on June 27, 2011. No party has filed an objection to the F & R, and the Court cannot find clear error on the face of the record with respect to these unobjected to findings and recommendation. See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) ("The court may accept those portions of the Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the

record.").[1]

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the F & R are adopted as the opinion and order of this Court.

---

[1] Several points are worth noting. First, Defendants' argument that the proposed class inappropriately excludes managerial employees is unpersuasive (H.R.S. § 481B-14 clearly was not intended to include managerial employees). Also, the collective bargaining agreement ("CBA") governing Plaintiffs' employment at the Hotel does not apply to managerial employees. See Doc. No. 95, Ex. A at 3 (CBA). Accordingly, the claims now asserted by "non-managerial food and beverage service employees" and the potential claims by managerial employees would likely present different legal and/or factual questions. In particular, Defendants' failure to distribute the total proceeds of its service charges to non-managerial food and beverage service employees arguably complies with the CBA (that is, this was not simply according to "a policy and practice" as alleged in the complaint and referred to in the F & R); although it may be violative of the subject statute in the absence of any notice to customers. The CBA was negotiated by Plaintiffs' union on Plaintiffs' behalf several years after the subject statute was enacted.

Second, Defendants have admitted that "Waldorf=Astoria Management LLC" has managed the Hotel since January 31, 2006. See Doc. No. 95, Bailey Decl. ¶¶ 2, 5. Although Plaintiffs apparently dispute Defendants' assertion that Hilton Hotels Corporation has never managed the Hotel, it seems implausible that both Waldorf=Astoria Management LLC and Hilton Hotels Corporation simultaneously managed the Hotel during all or part of the time period at issue. The Court encourages the parties to settle this issue and, if possible, to stipulate to the dismissal of Defendant Hilton Hotels Corporation.

Third, Plaintiffs should not be allowed to recover twice the full amount to which they may be entitled; that is, in this action as well as in the subject bankruptcy proceeding. The Court has not been provided with the subject management agreement between the Hotel's manager and the Hotel, and accordingly is unaware which organization, if any, may be ultimately liable in the event service charges were inappropriately handled. The Court notes that this may give rise to a conflict of interest.

2

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, July 18, 2011.



_____
Alan C. Kay
Sr. United States District Judge


Wadsworth et al. v. KSL Grand Wailea Resort, Inc., et al., Civ. No. 08-00527 ACK-RLP: Order Adopting Magistrate Judge's Findings and Recommendation.

3