IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAN WADSWORTH, MARK APANA, ELIZABETH VALDEZ KYNE, BERT VILLON, and STEPHEN WEST, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>KSL GRAND WAILEA RESORT, INC.; CNL RESORT LODGING TENANT CORP.; CNL GRAND WAILEA RESORT, LP; MSR RESORT LODGING TENANT, LLC; HILTON HOTELS CORPORATION; WALDORF-ASTORIA MANAGEMENT LLC; and BRE/WAILEA LLC; dba GRAND WAILEA RESORT HOTEL & SPA,<br><br>      Defendants. | Civ. No. 08-00527 ACK-RLP |

### ORDER DENYING DEFENDANTS' MOTION TO VACATE

For the following reasons, the Court hereby DENIES Defendants' Motion to Vacate the Order Granting Partial Summary Judgment on Liability for In-Room Dining Service Charges.

### FACTUAL BACKGROUND[1/]

Plaintiffs Nan Wadsworth, Elizabeth Valdez Kyne, Bert Villon, and Stephen West ("Plaintiffs") brought suit on behalf of a similarly situated class against a number of different

---

[1/] The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

entities that have owned and operated the Grand Wailea Resort Hotel & Spa ("Grand Wailea Resort" or "Hotel") in Maui during the applicable statute of limitations period. (Second Am. Compl. ¶¶ 4-6.) Defendants include MSR Resort Lodging Tenant, LLC, KSL Grand Wailea Resort, Inc., Hilton Hotels Corp. ("Hilton"), Waldorf-Astoria Management LLC ("Waldorf-Astoria"), CNL Grand Wailea Resort, LP, and CNL Lodging Tenant Corp.[2] (Id. ¶¶ 6-8.) Plaintiffs have all worked as food and beverage servers for Defendants. (Id. ¶ 3.)

Plaintiffs' Second Amended Complaint alleges that the Grand Wailea Resort provides food and beverage services throughout the Hotel, including in its banquet department, its restaurants, and through room service. (Id. ¶ 5.) Plaintiffs allege that Defendants have added a preset service charge to customers' bills for food and beverage served at the Hotel, but that Defendants have not remitted the total proceeds of the service charge as tip income to the employees who serve the food and beverages. (Id. ¶¶ 9-10.) Instead, Plaintiffs allege that the Defendants have had a policy and practice of retaining for themselves a portion of these service charges (or using it to pay

---

[2] Plaintiffs also brought suit against Grand Wailea Resort's operator at the time the Second Amended Complaint was filed, BRE/Wailea, LLC ("BRE/Wailea"). (Second Am. Compl. ¶ 6.) The parties subsequently stipulated to the dismissal of all claims against BRE/Wailea, which this Court approved and ordered on April 28, 2009. (Doc. No. 67.)

2

managers or other non-tipped employees who do not serve food and beverages), without disclosing to the Hotel's customers that the service charges are not remitted in full to the employees who serve the food and beverages. (Id. ¶¶ 11-12.)

Plaintiffs' Second Amended Complaint asserts five counts. As a result of the Court's ruling on a previous motion to dismiss, the following counts remain: Count II, in which Plaintiffs allege that Defendants' conduct constitutes unlawful intentional interference with contractual and/or advantageous relations; Count III, in which Plaintiffs allege that Defendants' conduct constitutes a breach of an implied contract between Defendants and Defendants' customers, of which Plaintiffs are third party beneficiaries[3/]; Count IV, in which Plaintiffs allege that Defendants have been unjustly enriched at Plaintiffs' expense under state common law; and Count V, in which Plaintiffs allege that as a result of Defendants' conduct, they have been deprived of income that constitutes wages, which is actionable under Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11.

## PROCEDURAL BACKGROUND

On November 24, 2008, Plaintiffs filed a Class Action Complaint. (Doc. No. 1.) On January 29, 2009, Plaintiffs filed an

---

[3/] In Count III, Plaintiffs also asserted that Defendants breached an implied contract between Plaintiffs and Defendants. In a prior ruling, the Court dismissed this portion of Count III as preempted under federal labor law. See 2010 WL 5146521 (Doc. No. 118).

Amended Class Action Complaint.[4/] (Doc. No. 19.) On July 9, 2009, the Court stayed this case in light of Judge Gillmor's certification to the Hawaii Supreme Court of a question of law that was also important to the instant case.[5/] (See Doc. No. 71.) The Hawaii Supreme Court answered the certified question on March 29, 2010. See Davis v. Four Seasons Hotel Ltd., 228 P.3d 303 (Haw. 2010). Accordingly, on April 19, 2010, Plaintiffs filed a motion to lift the stay and a motion to file a second amended complaint. (Doc. Nos. 73 & 74.) The Magistrate Judge granted both motions on June 22, 2010. (Doc. No. 89.) Plaintiffs filed their Second Amended Complaint on June 28, 2010. (Doc. No. 93.)

On July 20, 2010, Defendants filed a Motion to Dismiss Second Amended Complaint. (Doc. No. 95.) On December 10, 2010,

---

[4/] There were a number of similar cases filed in this district court, and on January 23, 2009, Plaintiffs moved to consolidate or alternatively for assignment of all the related cases to one judge pursuant to Local Rule 40.2. (Doc. No. 16.) On April 8, 2009, this Court adopted the Magistrate Judge's Findings and Recommendation that the similar cases not be consolidated. 2009 WL 975769 (Doc. No. 56).

[5/] Judge Gillmor certified the following question:

> Where plaintiff banquet server employees allege that their employer violated the notice provision of H.R.S. § 481B-14 by not clearly disclosing to purchasers that a portion of a service charge was used to pay expenses other than wages and tips of employees, and where the plaintiff banquet server employees do not plead the existence of competition or an effect thereon, do the plaintiff banquet server employees have standing under H.R.S. § 480-2(e) to bring a claim for damages against their employer?

4

the Court granted the motion with respect to Count I, Plaintiffs' unfair methods of competition claim, without prejudice, and Count III, in so far as it alleged a breach of an implied contract between Plaintiffs and Defendants. 2010 WL 5146521 (Doc. No. 118).

On March 25, 2011, Plaintiffs filed a Motion to Certify Class.[6/] (Doc. No. 126.) On June 27, 2011, Magistrate Judge Puglisi issued his Findings and Recommendations to Grant in Part and Deny in Part Plaintiff's Motion for Class Certification. (Doc. No. 149.) Neither party objected to the Magistrate Judge's Findings and Recommendation, and on July 18, 2011, the Court adopted it, certifying the class as "all non-managerial food and beverage employees who, from January 31, 2006 to the present, have worked at banquets, functions, other events, and small parties, where a service charge was imposed and where a part of that service charge was kept by the Defendants or management without adequate disclosure to customers" as to the non-debtor Defendants Hilton and Waldorf-Astoria (together "Defendants").[7/]

---

[6/] On April 1, 2011, Defendants filed a Suggestion of Bankruptcy for MSR Golf Course LLC, et al., which acted to stay proceedings against all Defendants except Hilton and Waldorf-Astoria. (Doc. No. 128.) Defendants CNL Grand Wailea Resort, LP, CNL Resort Lodging Tenant Corp., and KSL Grand Wailea Resort, Inc. are each a subsidiary or affiliate of MSR Resort Golf Course LLC. (See Doc. No. 128.)

[7/] Plaintiffs requested that the class be defined as "all non-managerial food and beverage service employees who, since
(continued...)

(Doc. Nos. 149 & 150.)

On June 1, 2011, Plaintiffs filed a Motion for Partial Summary Judgment ("Plaintiffs' Motion for Summary Judgment") (Doc. No. 143,) and Defendants filed a Motion to Dismiss Count V of the Second Amended Class Action Complaint or to Certify the Question to the Hawaii Supreme Court (Doc. No. 146.) On December 2, 2011, the Court issued its Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment, in which the Court granted summary judgment as to Defendants' liability with respect to service charges imposed on food and beverages purchased via room service. See 2011 WL 6030074 ("12/2/11 Order"). Defendants did not seek reconsideration or file an appeal of the 12/2/11 Order.

Also on December 2, 2011, the Court issued its Order Denying Defendants' Motion to Dismiss Count V, Granting Defendants' Request to Stay Proceedings as Modified, and Administratively Closing this Case, in which the Court, *inter alia*, stayed all proceedings in the instant case pending a decision by the Hawaii Supreme Court on a question of law

---

[7]/(...continued)
November 24, 2002 have worked at banquets, functions, other events, and small parties, where a service charge was imposed and where a part of that service charge was kept by the Defendants or management without adequate disclosure to customers." (Doc. No. 126.) Hilton and Waldorf-Astoria, however, did not manage the Hotel prior to January 31, 2006. (See Doc. No. 149.)

certified to it by Judge Kobayashi.[8]

On August 1, 2013, Plaintiffs notified the Court of the Hawaii Supreme Court's decision and, pursuant to Plaintiffs' request, the Court lifted the stay and reopened the case. (Doc. Nos. 168, 169.) On July 2, 2014, Defendants filed a Motion to Vacate Order on Motion for Partial Summary Judgment. (Doc. No. 193.) On the same day, Defendants filed a Motion to Decertify the Class. (Doc. No. 192.) On September 2, 2014, Plaintiffs filed their memoranda in opposition to the two motions.[9] (Doc. Nos.

---

[8] As was relevant in this case, Judge Kobayashi certified the following question: "May food or beverage service employees of a hotel or restaurant bring a claim against their employer based on alleged violation of Haw. Rev. Stat. § 481B-14 by invoking Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11 and without invoking Haw. Rev. Stat. §§ 480-2 or 480-13?" Villon v. Marriot Hotel Services, Inc., CV-08-00529 LEK-RLP, Doc. No. 130 (Oct. 12, 2011) (Doc. No. 130).

[9] On the same day, Defendants filed a Motion to Strike the Memoranda in Opposition for Untimely Filing. (Doc. No. 207.) In their Motion to Strike, Defendants note that, because the due date of Plaintiffs' oppositions fell on the Labor Day holiday, under Local Rule 6.1, they technically became due on the prior Friday, August 29, 2014. Defendants do not, however, suggest that they were prejudiced by this brief delay and, indeed, this Court has previously noted that "[a]lthough any tardiness is discouraged (and, indeed, prohibited), a one-day delay is hardly epochal . . . ." Epileptic Found. v. City and Cnty. of Maui, 300 F. Supp. 2d 1003, 1005 n.3 (D. Haw. 2003). Moreover, the Court notes that Defendants themselves violated the Local Rules in this case by failing to file courtesy copies of their motions papers until prompted to do so by the Court several months after they were filed. See Local Rule 7.7 (requiring that two courtesy copies of, *inter alia*, motions be mailed to the Court no later than the business day following the date the document was filed). Because, in this case, there is no conceivable prejudice associated with Plaintiffs' honest mistake regarding the Local

(continued...)

205, 206.) Defendants filed their replies on September 8, 2014. (Doc. Nos. 211, 212.)

The hearing on the motions was held on September 22, 2014. The Court will address the Motion to Decertify the Class in a separate order.

**DISCUSSION**

In the instant motion, Defendants seek to vacate the Court's December 2, 2011 Order insofar as it granted summary judgment as to Defendants' liability with respect to service charges imposed on food and beverages purchased via room service. Defendants assert that this portion of the 12/2/11 Order must be vacated as void pursuant to Federal Rule of Civil Procedure 60(b)(4) because the Plaintiffs lacked standing to litigate Defendants' liability as to in-room dining service charges.[10]

---

[9] (...continued)
Rules' treatment of court holidays, the Court DENIES Defendants' Motion to Strike.

[10] Plaintiffs argue that, while Defendants purport to bring the instant Motion pursuant to Rule 60(b)(4), it is really an improper attempt to persuade the Court to reconsider its prior order under Rule 59(e). (Opp'n at 11.) Under Federal Rule of Civil Procedure 59(e), a party may ask a court to reconsider and amend a previous order on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). A Rule 59(e) motion may not be used to raise arguments for the first time when they could reasonably have been raised earlier in the litigation, and mere disagreement with a previous order is an insufficient basis for reconsideration under Rule 59(e). Id. Here, Defendants clearly do not meet the standard
(continued...)

(Mot. at 1).

Rule 60(b) of the Federal Rules of Civil Procedure provides an "exception to finality," that "allows a party to seek relief from a final judgment . . . under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005). Specifically, Rule 60(b)(4) — the provision under which Defendants bring the instant motion — authorizes the Court to relieve a party from a final judgment if "the judgment is void."

"A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citing Restatement (Second) of Judgments 22 (1980)). The list of such qualifying "infirmities" is "exceedingly short." Id. Thus, "[a] judgment is not void, for example, simply because it is or may have been erroneous." Id.; see also United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Espinosa, 559 U.S. at 270. Rather, Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional

---

[10]/(...continued)
for Rule 59(e) reconsideration. The Court acknowledges that Defendants, in the instant Motion, appear to seek what amounts to an improper Rule 59(e) reconsideration of this Court's 12/2/11 Order; however, because Defendants assert their entitlement to relief under Rule 60(b)(4), the Court will analyze the Motion pursuant to that provision.

error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271.

Here, the "error" Defendants allege falls into the first category - a jurisdictional error. Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. Id.; see also United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661–662 (1st Cir. 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void"); Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (8th Cir.), cert. denied, 449 U.S. 955 (1980) ("[P]lain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.'").

Thus, the question before the Court is whether there is any colorable basis upon which to conclude that the Plaintiffs had standing to bring a claim based on in-room dining service charges. The doctrine of standing encompasses both constitutional and prudential limitations on federal court jurisdiction. Here, Defendants assert that Plaintiffs did not satisfy the constitutional requirement of redressability, or that the alleged

injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Specifically, Defendants argue that, because no named plaintiff worked as an in-room server, and because the class definition did not explicitly reference in-room servers, the Plaintiffs cannot demonstrate that their injuries may be redressed by the Court's decision regarding the in-room dining service charges. (Mot. at 8.)

As an initial matter, as to the class definition, on July 18, 2011, the Court certified the class as "all non-managerial food and beverage employees who, from January 31, 2006 to the present, have worked at banquets, functions, other events, and small parties, where a service charge was imposed and where a part of that service charge was kept by the Defendants or management without adequate disclosure to customers." (Doc. Nos. 149, 150.) Defendants did not argue in opposition to Plaintiffs' Motion for Class Certification that in-room dining should be excluded from the class, (see Doc. No. 135,) and they likewise did not object to the Magistrate Judge's Findings and Recommendation regarding class certification. While the class definition does not explicitly use the term "in-room dining," it also does not cabin the class only to those food and beverage employees who worked in the specific locations of banquet halls or hotel ballrooms but not in other areas of the hotel. Rather,

11

the class as defined encompasses all non-managerial employees who worked as food and beverage servers at the enumerated and "other events" during the class period. This includes those who worked as servers in hotel rooms. (See Opp'n, Ex. 1 (Aff. of Steven Lawrence) at ¶¶ 1-4 (noting that in-room dining servers perform the same work as servers at banquets, weddings, and conventions, the only difference being that in-room dining servers work at smaller functions located in rooms and suites).) Moreover, both the Second Amended Complaint and Plaintiffs' Motion for Class Certification specifically state that in-room dining servers are included in the proposed class. (See Second Amended Compl. ¶ 17; Pl.'s Mot. for Class Certification (Doc. No. 126) at 1.)

The claims common to the certified class turn not on the location in which food and beverage service was provided, or the department in which individual class members worked, but on the fact that all of the class members worked as food and beverage servers at events where Defendants allegedly withheld service charges without sufficiently disclosing that they were doing so. (See Second Amended Compl. ¶ 17; Pl.'s Mot. for Class Certification (Doc. No. 126) at 1; Findings and Recommendation Re: Certification (Doc. No. 149) at 7-10; Pl.'s Mot. for Partial Summary Judgment (Doc. No. 145) at 2-3). Thus, the Court concludes that the class definition includes those food and

beverage servers who provided in-room dining services.[11/]

Having concluded that in-room dining is encompassed in the class definition, the Court turns to the issue of whether the Court had any arguable basis for concluding that Plaintiffs had standing at the time the Court issued its 12/2/11 Order. Undoubtedly, the Court did. Defendants contest Plaintiffs' standing on redressability grounds. The injury Plaintiffs allege is the loss of the portion of the service charge that Defendants

---

[11/] This should come as no surprise (and no prejudice) to Defendants, who, until recently, appeared to share the Court's view that in-room dining was included in the class definition. Indeed, in their memoranda in opposition to Plaintiffs' Motion for Class Certification and Motion for Partial Summary Judgment, Defendants made no argument that in-room dining should not be or was not included in the class definition. (See generally Doc. Nos. 135, 155.) Significantly, Defendants filed their memorandum in opposition to Plaintiffs' Motion for Partial Summary Judgment on October 24, 2011, several months after the class had been certified; yet, Defendants made no argument that in-room dining was not a part of the class and, thus, not properly subject to summary judgment. (See Doc. No. 155.) This was notwithstanding the fact that Plaintiffs specifically sought summary judgment as to Defendants' liability for the in-room dining service charges. (See Doc. Nos. 144, 145.) Similarly, Defendants did not object to the Magistrate Judge's Finding and Recommendation to Certify the Class, and they agreed to the Stipulated Form Notice of Class Action Lawsuit, which expressly referenced "room service" servers as part of the class. (Doc. No. 151, Ex. A at 1.) Indeed, Defendants themselves responded to Plaintiffs' First Request for Production of Documents by producing to Plaintiffs, among other documents, room service menus and checks. (See Opp'n, Ex. 2.) Indeed, in light of the fact that Defendants are only making this argument now, on the eve of trial and over two years after the Court issued its 12/2/11 Order, when the only thing that has changed in the intervening years is that Defendants have obtained new legal counsel, it appears to be a transparent attempt by Defendants' new counsel to revisit issues long settled in the instant litigation.

allegedly withheld without proper disclosure. As discussed above, this includes the injury suffered by those food and beverage employees who worked at in-room dining events. Plaintiffs seek as a remedy, *inter alia*, an award of the unpaid service charges (Second Amended Compl. at 11.) Thus, those class members who worked at in-room dining events clearly stand to have their alleged harms redressed by this litigation: should they prevail, they will recover the service charge amounts that were allegedly wrongfully withheld. <u>See, e.g.</u>, <u>Bates v. United Parcel Service, Inc.</u>, 511 F.3d 974, 985 (9th Cir. 2007) (stating that, to show redressability, plaintiffs must show "only that a favorable decision is likely to redress their injuries" (internal quotation marks omitted)). The Plaintiff class therefore clearly has standing to prosecute claims for in-room dining service charges.

The fact that none of the named plaintiffs worked at in-room dining events does not alter this conclusion. The named plaintiffs' claims and the claims of all other class members, including those who worked in-room dining, all arise from the Defendants' alleged collection of service charges for food and beverage services without the required disclosures to customers. (<u>See generally</u> Second Amended Compl.) Plaintiffs' claims, and the relief they seek, are the same regardless of where the food and beverage service took place. Thus, the fact that the named plaintiffs performed food and beverage service in hotel locations

other than hotel rooms is inconsequential to the issue of redressability, and does not render the named plaintiffs unable to adequately represent the plaintiff class. Indeed, this district court has confirmed as much in a number of the other service charge cases brought in this district. See <u>Davis v. Four Seasons Hotel Ltd.</u>, 277 F.R.D. 429, 437 (D. Haw. 2011), <u>report and recommendation adopted</u>, Civ. No. 08-00525 HG-BMK, 2011 WL 4590393 (D. Haw. Sept. 30, 2011) ("The Court recognizes that Plaintiffs were employed by Defendant as banquet servers and a banquet captain, and there are no named plaintiffs who were employed by Defendant as, for example, a room service staff member. . . . This, however, does not defeat typicality because, as mentioned above, the named plaintiffs' claims do not have to be identical or substantially identical to the claims of all of the class members."); <u>Villon v. Marriott Hotel Services, Inc.</u>, Civ. No. 08-00529 LEK-RLP, 2011 WL 2160483, at *16 (D. Haw. May 31, 2011) ("The Court recognizes that the named Plaintiffs both worked for the Resort as banquet servers; there is no named Plaintiff who worked for the Resort as a bartender. . . . This does not defeat typicality because the named Plaintiffs' claims do not have to be identical to the claims of all the class members. Further, the servers' and the bartenders' claims arise from the same general fact pattern and rely on the same legal theories.").

Moreover, the Ninth Circuit has stated that class representatives' claims must be "reasonably co-extensive with those of absent class members; they need not be substantially identical." Rodriguez v. Hayes, 591 F.3d 1105, 1124 (9th Cir. 2009) (citation and internal quotation marks omitted); see also Gurrobat v. HTH Corporation et al., 323 P.3d 792, 806 (Haw. 2014) (concluding that the named plaintiff was a sufficient class representative because the legal and factual bases underlying his claims were "coextensive with those of all other class members," notwithstanding the fact that he did not work at one of the two hotels alleged to have illegally withheld service charges). Thus, notwithstanding Defendants' arguments to the contrary, there is no requirement here that Plaintiffs include a named plaintiff from each department (including in-room dining) in order to adequately represent the class.

In sum, Defendants have failed to demonstrate that this Court "lacked even an arguable basis for jurisdiction" at the time of the 12/2/11 Order, as required by Rule 60(b)(4). See Espinoza, 559 U.S. at 271. As the Supreme Court has emphasized, a motion under Rule 60(b)(4) "is not a substitute for a timely appeal." Id. at 270. Defendants, who failed to timely appeal this Court's 12/2/11 Order, cannot attempt to do so now through the instant Rule 60(b)(4) motion.

As a final matter, the Court notes that, in light of

the instant Motion, there appears to be some current confusion as to the scope of the class definition. As discussed above, the class definition was clearly intended to include those food and beverage servers who provided in-room dining services, and in any event, in-room dining would fall under "other events" in the definition. This was the Court's intention and the parties' understanding at the time the class was originally certified. Indeed, as noted above, the Court and the parties proceeded in this litigation under the understanding that in-room dining was included in the class definition for over two years. (See Doc. No. 126 (Mot. to Certify) at 1; Doc. No. 135 (Def.'s Opp'n to Mot. to Certify); Doc. No. 151, Ex. A (Stipulated Form Notice of Class Action Lawsuit) at 1; Doc. No. 145 (Pl.'s Mot. for Partial Summary Judgment) at 12; Doc. No. 155 (Def.'s Opp'n to Pl.'s Mot. for Partial Summary Judgment); Doc. No. 157 (Pl.'s Reply in Supp. of Mot. for Partial Summary Judgment) at 3; Doc. No. 161 (Trans. of Hearing on Mot. for Partial Summary Judgment) at 63, 66, 82-83, 86; Doc. No. 163 (12/2/11 Order) at 20).

Nevertheless, because there appears to be some current confusion in light of the inadvertent omission of the term "in-room dining" from the class definition, the Court elects, under Federal Rule of Civil Procedure 60(a), to correct this omission here.

Federal Rule of Civil Procedure 60(a), titled

"Corrections Based on Clerical Mistakes; Oversights and Omissions," states:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Ninth Circuit has made clear that "Rule 60(a)'s touchstone is fidelity to the intent behind the original judgment." Garamendi v. Henin, 683 F.3d 1069, 1078 (9th Cir. 2012). Thus, a court may invoke Rule 60(a) "in order to make a judgment reflect the actual intentions of the court . . ." Id. (quoting Blanton v. Anzalone, 813, F.2d 1574, 1577 (9th Cir. 1987)). Rule 60(a) is not, however, "limited to situations in which a judgment clearly misrepresents what the court meant to state. A district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect contemporaneous intent and ensure that the court's purpose is fully implemented." Id. (quoting 12 James W. Moore, *Moore's Federal Practice* § 60.11[1][c] (2011)).

Here, in light of the instant Motion and in an abundance of caution, the Court elects to exercise its authority under Rule 60(a) to amend the class definition to clarify that, pursuant to the Court's original intention and the parties'

understanding at the time, the definition includes in-room dining. The Court's July 18, 2011 Order Adopting Magistrate Judge's Findings and Recommendation, (Doc. No. 150,) is therefore amended as follows. The Court will insert the following language after the final paragraph of the Order:

> The Court CERTIFIES the following class, as amended: all non-managerial food and beverage employees who, from January 31, 2006 to the present, have worked at banquets, functions, other events, in-room dining, and small parties, where a service charge was imposed and where a part of that service charge was kept by the Defendants or management without adequate disclosure to customers.

The Court notes that this alteration of the original certification Order is for the purpose of clarifying the class definition to more adequately articulate the Court's intention at the time that Order was issued. This modification in no way alters the parties' rights or the Court's substantive decision regarding class certification.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' Motion to Vacate Order Granting Partial Summary Judgment on Liability for In-Room Dining Service Charges. The Court also DENIES Defendants' Motion to Strike.

Finally, pursuant to Federal Rule of Civil Procedure 60(a), the Court hereby AMENDS its July 18, 2011 Order Adopting Magistrate Judge's Findings and Recommendation as stated herein.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 26, 2014.



_____
Alan C. Kay
Senior United States District Judge

Wadsworth v. KSL Grand Wailea Resort, Inc., et al., Civ. No. 08-00527 ACK-RLP, Order Denying Defendants' Motion to Vacate.